[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the Standard Fire Insurance Company, moves for summary judgment as to all three counts of the complaint of the plaintiff, Diana Asvestas. On October 16, 2000, the court heard argument on this motion.
On August 3, 1999, the plaintiff began this action against her homeowner's insurance carrier, formerly Travelers Property Casualty Insurance Company. She alleges breach of contract, breach of the covenant of good faith and fair dealing, and a violation of the Connecticut Unfair Insurance Practices Act (CUIPA).
CT Page 12834 Summary Judgment shall be rendered f the pleadings and documents submitted disclose no genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law, Practice Book §17-49.
 I
As to the first and second counts, alleging breach of express contract and the implied covenant of good faith and fair dealing, the defendant contends that the insurance contract between the parties contained a provision limiting the time for bringing such suit to one year from the date the damage for which coverage is claimed occurred. The plaintiff agrees that the insurance contract contained such a provision but argues that the defendant's conduct during that one year period lulled the plaintiff into delaying the commencement of suit past the contract deadline.
An examination of the pleadings and documents submitted shows the following undisputed facts. The plaintiff discovered the damage to her home on August 1, 1997. She promptly notified the defendant of her claim for coverage. On May 12, 1998, the defendant notified the plaintiff that her claim was preliminarily denied. On June 26, 1998, the defendant sent a letter to the plaintiff's attorney indicating that further investigation of her claim was necessary but that the defendant was reserving its right to disclaim coverage "at a later date." The letter further stated "[p]lease understand that we are not denying the coverage or protection which is afforded to you under your policy." The communication ends with "[w]e will advise you of our position a [sic] soon as our investigation is completed. We look forward to your cooperation in this effort."
On September 3, 1998, after the one year time limit elapsed, the defendant sent another letter to the plaintiff which indicated that the defendant's investigation of her claim was completed and that certain exclusions from coverage under the policy precluded payment for the damage. On August 3, 1999, more than two years after discovering the damage, the plaintiff commenced this action.
The defendant places particular reliance on the case of Perfito v.Aetna Casualty and Surety Co., 39 Conn. App. 909 (1995). That decision affirmed, per curiam, the decision of the trial court which granted summary judgment on behalf of an insurance carrier whose policy contained a time limit virtually identical to that in the present case, Perfito v.Aetna Casualty and Surety Co., Superior Court, Hartford J.D., d.n. CV 90-386733 (May 3, 1994), Allen, J.T.R.
CT Page 12835 That case is distinguishable from the present action. In Perfito,
supra, the trial court found that there was no material issue regarding the insurance carrier's reservation of "any and all rights and defense" and that "no waiver or estoppel of any kind is intended nor should be inferred." The reservation in the present matter pertained only to the right to deny coverage in the future unlike the plenary reservation quoted above. Furthermore, the trial court in Perfito, supra, concluded that the insurance carrier engaged in "no conduct that can be found to have lulled the plaintiff into a false sense of believing that this claim could be settled without suit."
The definite disclaimer of waiver or estoppel, present in Perfito,
supra, is absent here. The language of the defendant's correspondence to the plaintiff and her counsel might reasonably be construed as an invitation or at least a suggestion to defer further action until the defendant's investigation could be completed and a solicitation for the plaintiff's "cooperation" in that regard. The court concludes that the quoted comments reasonably create a factual dispute as to whether the defendant was waiving the one year time period.
The motion is denied as to the first and second counts.
 II
The third count alleges a CUIPA violation. There is no private cause of action under CUIPA directly. The majority of trial level decisions passing on this issue have so held, see e.g. Baroni v. Western Res. LifeAssurance Co., Superior Court, Middlesex J.D., d.n. CV 99-87965 (September 29, 1999). Gordon, J. General Statutes §§ 38a-815 through38a-817 set forth a compendium of unfair insurance practices and a method of rectification by the insurance commissioner. No authority for private suit is set forth in CUIPA. Violators of CUIPA constitute CUTPA violations, however, the plaintiff makes no CUTPA claim in this case.
Additionally, the plaintiff alleged only misconduct relating to her individual case and not a pattern of wrongdoing. Isolated instances of insurer misconduct are exempt from CUIPA, Lees v. Middlesex Ins. Co.,229 Conn. 842, 849 (1994).
The defendant is entitled to judgment on the third count as a matter of law.
The motion for summary judgment is denied as to the first and second counts but granted as to the third.
Sferrazza, J. CT Page 12836